UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH KOK FONG CHAN,<br><br>Plaintiff,<br><br>v.<br><br>MARCO A. RUBIO,<br><br>Defendant. | Case No.  25-cv-10595-VKD<br><br>**ORDER TRANSFERRING CASE TO DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**<br><br>Re: Dkt. No. 15 |

Defendant U.S. Secretary of State Marco A. Rubio moves to dismiss this action pursuant to Rule 12(b)(3) for improper venue.  Dkt. No. 15.  Plaintiff Kenneth Kok Fong Chan opposes the motion.  Dkt. No. 16.  The Court finds this motion suitable for determination without oral argument.  *See* Civil L.R. 7-1(b).

Upon consideration of the moving and responding papers, the Court finds that venue is improper and transfers this case to the District Court for the District of Columbia.[1]

## I.    BACKGROUND

Mr. Chan is a citizen and resident of Singapore.  Dkt. No. 1 ¶ 3.  On January 3, 2025, Mr. Chan submitted his B-1 Nonimmigrant Visa Application to the U.S. Department of State and appeared at the U.S. Embassy in Singapore for a consular interview.  *Id.* ¶ 11.  On March 14, 2025, Mr. Chan appeared for a second interview at the U.S. Embassy in Singapore.  *Id.* ¶¶ 14, 15. Since that time, no substantive update or final decision on Mr. Chan's visa application has been provided.  *Id.* ¶ 10.  Mr. Chan requested updates from the U.S. Embassy in Singapore on May 31,

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 9, 12.

United States District Court<br>Northern District of California

2025, September 9, 2025, and October 6, 2025, and each time, the U.S. Embassy in Singapore responded that his application was "undergoing administrative processing." *Id.* ¶¶ 16-18.

Mr. Chan initiated this action on December 10, 2025, alleging unreasonable delay in the adjudication of his visa application. *Id.* ¶¶ 21-29. Mr. Chan sues Secretary Rubio in his official capacity. *Id.* ¶ 4. Mr. Chan claims the Department of State has not issued a final determination on his visa application in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 706(1). *Id.* ¶¶ 6, 21.

Defendant filed the present motion to dismiss on March 19, 2026. Dkt. No. 15.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may file a motion for improper venue. The plaintiff bears the burden of demonstrating venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). A court may consider facts outside the pleadings to determine whether venue is proper and need not accept the pleadings as true. *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005).

If venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district" wherein venue is proper. 28 U.S.C. § 1406(a). Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the discretion of the district court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

## III.    DISCUSSION

Where, as here, the defendant is a federal officer or employee, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). Mr. Chan asserts that venue is proper pursuant to subsection (B). Dkt. No. 16 at 10; *see also* Dkt. No. 1 ¶ 8.

Defendant argues that venue is improper because Mr. Chan's claim is based on events and omissions that occurred in Singapore, specifically at the U.S. Embassy in Singapore. Dkt. No. 15 at 5-6. Mr. Chan responds that while "portions of the underlying visa process occurred outside the

United States District Court
Northern District of California

United States District Court
Northern District of California

United States," venue is proper because defendant's inaction prevented Mr. Chan from attending an academic conference at Stanford University, which "caused tangible economic, professional, and institutional harm within California and disrupted the work of California-based scholars, students, and academic institutions that depend on international scholarly exchange."  Dkt. No. 16 at 4-5.

The Court agrees with defendant that venue is not proper.  First, the venue inquiry under § 1391(e)(1)(B) "turn[s] on the location of agency action or inaction in a case challenging agency action or inaction."  *See Kantharia v. U.S. Citizenship & Immigr. Servs.*, 672 F. Supp. 3d 1030, 1033 & n.1 (C.D. Cal. 2023).  Here, Mr. Chan's claim is based entirely on the U.S. Embassy in Singapore's delay in adjudicating his visa application.  The complaint includes no factual allegations suggesting any failure to act by anyone located in this District.  Accordingly, Mr. Chan cannot show that "a substantial part of the events or omissions giving rise to the claim occurred" in this District.  *See Fang v. Rubio*, No. 25-cv-05151-TSH, 2025 WL 2772860, at *2 (N.D. Cal. Sept. 29, 2025) (finding unreasonable delay claim was "based on events and omissions that occurred in China, specifically at the United States Embassy in Shanghai," where plaintiff attended visa interview); *Ou v. Chertoff*, No. 07-cv-3676-MMC, 2008 WL 686869, at *1 n.1 (N.D. Cal. Mar. 12, 2008) (where plaintiffs sued for expeditious processing of visa applications, "the events and omissions on which the instant claim is based occurred in China"); *Al Hada v. Pompeo*, No. 18-cv-8002-DMG-JPRx, 2018 WL 6264999, at *1 (C.D. Cal. Sept. 17, 2018) (finding claims arose from events outside of the United States where complaint alleged that the U.S. Embassy in Djibouti contacted plaintiff for a visa interview and informed her that she was ineligible for a visa and plaintiff attended an interview at the U.S. Consulate in Djibouti); *Kiyaroudi v. Rubio*, No. 25-cv-0091-JLR, 2025 WL 1434380, at *3 (W.D. Wash. May 19, 2025) (finding subsection (B) did not apply because "the relevant conduct occurred in Auckland, New Zealand, where [plaintiff] applied for his visa, underwent an interview, and received notice that his application had been refused and required administrative processing").

Second, Mr. Chan's argument that the "effects" of a defendant's actions or omissions may establish venue in this case is not persuasive.  Indeed, Mr. Chan acknowledges that the one case he

United States District Court
Northern District of California

cites "did not arise under § 1391(e)." *See* Dkt. No. 16 at 4 (citing *Myers v. Bennett L. Offs.*, 238 F.3d 1068, 1075 (9th Cir. 2001) (discussing venue under 28 U.S.C. § 1391(b) in tort claim against private party)). Mr. Chan's allegations regarding the harm that he and "California-based scholars, students, and academic institutions" suffered because he was unable to attend the academic conference at Stanford University do not support venue. *See Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 870 (N.D. Cal. 2021) ("[S]uffering economic harm within a district is not by itself sufficient to warrant transactional venue there." (quoting 14D Wright & Miller's Federal Practice and Procedure § 3806 (4th ed. Apr. 2026 Update)). Other courts have rejected similar arguments. *See, e.g.*, *Batra v. U.S. Citizenship & Immigr. Servs.*, No. 21-cv-02489-SB-AFM, 2021 WL 4353112, at *3 (C.D. Cal. Aug. 2, 2021) (argument that venue for claim of delay in adjudication of Form I-526 petition was proper in Central District of California because "the economic and social impact of [Plaintiff's] investment can be felt within this district" was "speculative" and "too tenuous to justify venue"); *Kantharia*, 672 F. Supp. 3d at 1033 (plaintiffs' investments in new commercial enterprises in Los Angeles did not serve as proper basis for venue in the Central District of California because the operative facts pertinent to plaintiffs' claims surrounded the adjudication of their immigration applications not the investments themselves); *Al Hada*, 2018 WL 6264999, at *2 (plaintiffs' "plans to reside in Sherman Oaks, California" and "to attend school in Sherman Oaks" were inadequate to establish venue).

Mr. Chan has failed to meet his burden to show that a substantial part of the events or omissions giving rise to his claim occurred in this District. Having found venue improper, the Court has discretion to dismiss or transfer the case. *See King*, 963 F.2d at 1304. The interest of justice usually favors a transfer rather than a dismissal. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001). Mr. Chan requested transfer of this action to the District Court for the District of Columbia in the event that the Court found venue improper in this District. *See* Dkt. No. 16 at 13-14.

The parties do not dispute that defendant resides in the District of Columbia. *See* Dkt. No. 15 at 4; Dkt. No. 16 at 13; *see also Zhang v. Chertoff*, No. 08-cv-02589-JW, 2008 WL 5271995, at *3 (N.D. Cal. Dec. 15, 2008) ("Federal defendants are generally deemed to reside in the District of

4

Columbia."). However, defendant argues that transfer would not be in the interest of justice because the Secretary of the State is not empowered to adjudicate visa applications and the officials of the U.S. Embassy in Singapore reside abroad. Dkt. No. 15 at 5-6; Dkt. No. 19 at 4. Defendant suggests that he is not a proper defendant, an argument that other courts have rejected as "wholly unpersuasive." *See, e.g.*, *Motevali v. Rubio*, No. 24-cv-1029 (SLS), 2025 WL 885116, at *4 (D.D.C. Mar. 21, 2025) ("[N]othing precludes [the Secretary] from directing [consular officers] to *decide* pending applications within a reasonable time, as the APA requires." (quotations and citation omitted)), *appeal dismissed sub nom. Mehneh v. Rubio*, 164 F.4th 928 (D.C. Cir. 2026); *Haddock v. O'Neill*, No. 24-cv-08587-SPG-SK, 2025 WL 3308349, at *3 (C.D. Cal. Mar. 6, 2025) (denying motion to dismiss Secretary Rubio as an improper defendant from delay of adjudication case).

Accordingly, the Court finds transfer is appropriate, as failure to do so may leave Mr. Chan without recourse for his claim. In addition, transfer avoids any potential due process concerns. *See Fang*, 2025 WL 2772860, at *3. As Mr. Chan requests transfer instead of dismissal and defendant resides in the District of Columbia, the Court transfers this action to the District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a).[2] *Cf. Li v. Chertoff*, No. 08-cv-3540-MMC, 2008 WL 4962992, at *3 n.5 (N.D. Cal. Nov. 19, 2008) (dismissing case where plaintiffs did not request transfer); *Kantharia*, 672 F. Supp. 3d at 1035 & n.4 (dismissing case because defendants offered "no information about where they reside").

## IV.    CONCLUSION

For the reasons explained above, the Court finds that venue in the Northern District of California is improper and that transfer under 28 U.S.C. § 1406(a) is appropriate. The Court directs the Clerk to transfer this case to the United States District Court for the District of Columbia.

//

---

[2] The Court declines defendant's request that the Court grant defendant "30 days following the docketing of this suit in [the District of Columbia] to answer or file a successive motion to dismiss under Rule 12(b) . . . ." Dkt. No. 15 at 5 n.5; Dkt. No. 19 at 4 n.2. Any such request should be addressed to the transferee court.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: May 19, 2026

Virginia K. DeMarchi
United States Magistrate Judge